BERNHARD MAYER, APPELLANT, v. THE MAYOR, ETC., OF THE CITY OF NEW YORK, RESPONDENT.

*Assessment — payment of, by mistake — when may be recovered back.*

The plaintiff was the owner of premises designated by ward number twenty-eight, in block ninety-eight, adjoining lot number twenty-seven in the same block. The plaintiff, intending to pay an assessment which had been imposed upon his lot, by mistake paid the assessment on lot twenty-seven, which latter assessment was subsequently declared void. In an action brought by the plaintiff to recover back the money so paid, *held*, that he was entitled to recover ; and that his right so to do was not affected by the fact that the mistake arose from a want of care on his part, or that the defendant could not be restored to its original position by paying the money back.

*Allen* v. *The Mayor* (4 E. D. Smith, 404) followed.

APPEAL from an order sustaining a demurrer to the complaint herein, on the ground that it did not state facts sufficient to constitute a cause of action. This action is brought to recover money which the plaintiff, by mistake, paid to the defendant for a local improvement. The plaintiff intended to pay the assessment on his own land, but by mistake paid that on the adjoining lot.

*Neville & Andrews*, for the appellant.

*E. Delafield Smith*, for the respondents.

BRADY, J. :

The plaintiff was the owner of premises, designated by ward number twenty-eight, in block ninety-eight, adjoining lot designated as twenty-seven in same block. An assessment had been imposed upon his lot, and he proceeded to pay it, but, by mistake, paid the assessment which had been laid upon lot twenty-seven, and which was subsequently declared to be void. These facts are admitted by the demurrer. The case of *Allen* v. *The Mayor* * is an authority in favor of the plaintiff's right of action. It is not distinguishable in principle from this case. The plaintiff there, was notified that his lands were assessed, and he paid the amount indicated. He subsequently discovered that no assessment had been imposed upon

* 4 E. D. Smith, 404.

his lots, but upon other lots in the same street in which his were situate, and which were supposed to belong to his grantor, to whom the notice of assessment was directed. The defendants claimed, that by the payment, their lien upon the lots actually assessed, was extinguished, and urged against the plaintiff's recovery, that he was guilty of laches, in not advising himself of the facts. The plaintiff's right of action was maintained. Justice Woodruff, who expressed the opinion of the court, said, that the cases cited by him showed that a plain and palpable ignorance of facts, at the time of the payment, would enable the mistaken party to recover it back, and further, that there was nothing to show that on the ratification of the mistake, the defendants might not proceed, by all available means, to collect the assessment from the proper source. It has since been held by the court of last resort, not only that it does not affect the right of the payer to recover, that the mistake arose from a want of care on his part, but that it is equally unavailable to show that the defendant cannot be restored to his original position upon paying the money back.* The party having the legal right must prevail. The recovery in cases of this character, rests on the principle, that, in equity and good conscience, the money should be restored. It does not comport with the dignity and power of the defendants as a corporation, that it should retain money thus received, unless its payment was productive of loss. We are not advised of this. There is nothing to show such a result. In the legal aspect of this case as presented, the conclusion is otherwise, the land being liable for the assessment which was laid upon it. It may be said with propriety, that the person to whom the plaintiff paid the money, supposed, nay believed, that the payment was made by the owner of the lot to which the payment related, or his representative. If he had known or supposed him to be otherwise, it would not have been good faith to have received it without inquiry. Although the case in 40 New York,† seems to set at rest the proposition that the receiver cannot be

---

* The Kingston Bank v. Eltinge, 40 N. Y., 391; Union National Bank of Troy v. Sixth National Bank of New York, 43 id., 452; Duncan v. Berlin, 46 id., 685; Lawrence v. American National Bank, 54 id., 432; Bank of Commerce v. Mechanics' Banking Association, 55 id., 211.

† *Supra.*

called on to refund when the discharge of that duty will damnify him, it may yet perhaps be regarded as an open question.

The cases cited discuss the doctrine of estoppel *in pais*, and although there seems to be no place in this controversy for the application of such principle, nevertheless the defendants should have the opportunity of assailing the validity or good faith of the plaintiff's claim, if they can do so by answer to be interposed. The recovery of the plaintiff, assuming the facts to be as stated and admitted, must commend itself to every tribunal, for the assessment paid, was subsequently declared void, and it had no merit as a claim. Indeed, it is as if no assessment had been imposed at all, and thus, in effect, becomes, in all respects, like the case of *Allen* v. *Mayor* (*supra*). The plaintiff having paid money under a plain, palpable mistake, the judgment rendered in the court below, was wrong, and should be reversed, but with liberty to the defendants to answer, on payment of costs. Ordered accordingly.

DAVIS, P. J., and DANIELS, J., concurred.

Judgment reversed, with liberty to defendants to answer on payment of costs.